[Cite as *State v. Harden*, 2022-Ohio-1436.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                                            :

                              Plaintiff-Appellee,    :    Case
                              No.  21CA2

v.                                                        :

JEREMY HARDEN,                                       :    DECISION AND
                              JUDGMENT ENTRY

       Defendant-Appellant.         :

_____

APPEARANCES:

Abigail Christopher, Assistant State Public Defender, Columbus,
Ohio, for appellant. [1]

Judy C. Wolford, Pickaway County Prosecuting Attorney, and
Justin B. Benedict, Pickaway County Assistant Prosecuting
Attorney, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:4-27-22
ABELE, J.

   **{¶1}** This is an appeal from a Pickaway County Common Pleas

Court judgment of conviction and sentence imposed upon Jeremy

Harden, defendant below and appellant herein, after the Pickaway

County Common Pleas Court, Juvenile Division, determined that

appellant is not amenable to treatment within the juvenile

_____

       [1]Different counsel represented appellant during the
trial court proceedings.

system.

**{¶2}** Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE JUVENILE COURT COMMITTED PLAIN ERROR
WHEN IT IMPROPERLY DECIDED THAT JEREMY WAS
NOT AMENABLE TO TREATMENT IN THE JUVENILE
SYSTEM BASED ON FACTORS OUTSIDE OF JEREMY'S
CONTROL."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED PLAIN ERROR WHEN
IT FOUND THAT JEREMY WAS NOT AMENABLE TO
TREATMENT WHEN THE GOVERNMENT DID NOT
PRESENT CLEAR AND CONVINCING EVIDENCE TO
SUPPORT THIS CLAIM."

THIRD ASSIGNMENT OF ERROR:

"THE JUVENILE COURT COMMITTED PLAIN ERROR
WHEN IT FAILED TO WEIGH ALL DISPOSITIONAL
OPTIONS PROVIDED BY STATUTE, INCLUDING A
SERIOUS YOUTHFUL OFFENDER DISPOSITION."

FOURTH ASSIGNMENT OF ERROR:

"JEREMY WAS DEPRIVED OF HIS RIGHT TO THE
EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS
TRIAL COUNSEL. [SIC]"

**{¶3}** In 2019, the Pickaway County Prosecutor's Office filed a complaint in juvenile court that alleged appellant, nearly 18 years of age at the time, to be delinquent for having committed the offense of attempted aggravated murder in violation of R.C. 2923.02(A)/2903.01(A). The complaint also contained a firearm specification.

{¶4} The juvenile court later found probable cause to believe that appellant, age 17 years old at the time, did commit the offense. Because the court also found that R.C. 2152.12 mandated a transfer of the case to the general division of the common pleas court, the juvenile court transferred the case to the court's general division. Subsequently, a Pickaway County Jury returned an indictment that charged appellant with one count of attempted aggravated murder, in violation of R.C. 2923.02(A)/2903.01(A), with a firearm specification.

{¶5} The state eventually filed a bill of information that charged appellant with felonious assault, in violation of R.C. 2903.11(A)(1), along with a firearm specification. In exchange for appellant's agreement to plead guilty to the bill of information, the state dismissed the attempted aggravated murder charge along with the specification. The trial court found appellant guilty of felonious assault and sentenced him (1) to serve six to nine years in prison for the felonious assault charge, and (2) to serve three years in prison for the firearm specification. The court also ordered the prison terms to be served consecutively to one another.

{¶6} Pursuant to R.C. 2152.121(B)(1), the common pleas court also found that the offense involved, felonious assault, would have subjected appellant to a discretionary transfer,

rather than a mandatory transfer, if the state initially had alleged appellant delinquent for committing the offense of felonious assault rather than the offense of attempted aggravated murder. Consequently, the court stayed the sentence and remanded the matter to the juvenile court.

{¶7} On remand, the state (1) filed a R.C. 152.121(B)(3)(b) motion to object to the imposition of an R.C. 2152.13(D)(1) serious youthful offender (SYO) dispositional sentence, and (2) asked the court to hold a hearing to determine whether appellant is amenable to treatment within the juvenile system.

{¶8} On November 25, 2020, the juvenile court held a hearing to consider whether appellant is amenable to treatment in the juvenile system, or whether the juvenile court should return the case to the common pleas court. At the hearing the state indicated that it intended to rely upon the evidence the parties presented during the September 2019 probable cause hearing and it did not intend to call additional witnesses. The court asked appellant whether he had any objection to the court taking judicial notice of the evidence presented at the probable cause hearing, and he stated he did not.

{¶9} The state also asked the trial court to admit into evidence a 13-minute phone call between appellant and another individual. The state suggested that, during the conversation,

appellant "makes several statements" that "have value in this matter," including (1) threats against "his co-conspirators" and the prosecutor, and (2) "some statements" about failing to abide by the court's no-contact order. The prosecutor asserted that appellant's statements would be relevant to determine "whether he's willing to actually participate in any counseling or treatment that would be available in the Juvenile system," and would help the court to determine whether appellant poses a risk to "the public safety at large."

{¶10} Appellant, however, asserted that the statements he made during the call depict one particularly frustrating moment in time and, if the court admits the recording into evidence, the court should also consider the circumstances under which appellant made those statements.

{¶11} The trial court stated that it would listen to the recording and decide whether to admit the recording into evidence. The state repeated that it did not have any testimony to present and informed the court that it did not object to the court considering two reports: one from the probation department, and one from Clinical Psychologist Dr. James Hagen.[2]

---

[2] The amenability hearing transcript indicates that Dr. Hagen's first name is "Michael." Dr. Hagen signed his report with the first name "James." This opinion uses the name that appears in Dr. Hagen's report.

Appellant stipulated that the court may consider the two reports.

{¶12} At the hearing, Dr. Hagen described appellant's forensic psychological evaluation. Part of the evaluation involved administering an adverse childhood experiences (ACE) questionnaire. Hagen explained that the ACE questionnaire lists ten factors that evaluate whether an individual experienced any (1) physical, sexual, or emotional abuse, (2) neglect, (3) violence in the home, (4) mental illness in the home, and (5) substance abuse in the home. Hagen testified that the more adverse experiences a child has endured, the more likely the child develops "psychiatric problems or substance use disorders in their adult years." Hagen testified that appellant "experienced seven of the ten" events listed in the ACE questionnaire.

{¶13} Dr. Hagen further opined that appellant is amenable to treatment within the juvenile system and sufficient time remains to treat appellant within the juvenile system. Hagen indicated that appellant has "intellectual capabilities to benefit from intensive treatment" and that he believes appellant "has a motivation to change." Hagen related that he based his position that adequate time remained to treat appellant within the juvenile systems on the understanding that appellant would have

three years available for rehabilitation within the juvenile system and, if appellant receives trauma informed therapy, he could be rehabilitated.

{¶14} On cross-examination, the prosecutor asked Dr. Hagen whether he holds the same opinion that sufficient time remains to rehabilitate appellant within the juvenile system with appellant over age 19, and with one year and nine months within the juvenile system. Hagen stated that he believes appellant has adequate time to be rehabilitated within the juvenile system. The prosecutor also asked Hagen about the success-failure rate of trauma informed therapy for individuals with appellant's background, and Hagen stated he "would just pick a number arbitrarily" and "would say three out of four * * * individuals who have available the appropriate therapy would benefit from it." He believes that "the probability is very high that [appellant] would indeed benefit from that form of treatment."

{¶15} After Dr. Hagen's testimony, the trial court allowed each party to present a closing argument. The prosecutor argued that insufficient time remained to rehabilitate appellant within the juvenile system (one year and nine months). The prosecutor further argued that the R.C. 2152.12(D) factors favor a transfer to the common pleas court's general division. The prosecutor

did, however, recognize Hagen's opinion that appellant is amenable to treatment in the juvenile system, but also asked the court to listen to the recording of appellant's phone call. The prosecutor suggested that the recording would help to refute Hagen's opinion that appellant is willing and able to participate in rehabilitative treatment. During this call, appellant admitted that he violated the court's no-contact orders and also threatened the prosecutor's and appellant's co-conspirators' lives. The prosecutor thus argued that appellant's statements indicate that he is unwilling or unable to change.

**{¶16}** Appellant, however, asserted that adequate time remained for his rehabilitation within the juvenile system and that he is indeed willing and able to change his behavior.

**{¶17}** On December 8, 2020, the trial court determined that appellant is not amenable to treatment within the juvenile system. In explaining its rationale, the court summarized the evidence offered at the probable cause hearing:

> [Appellant] joined some of his friends to confront another young adult about selling bogus drugs to the other friend. [Appellant] took a firearm with him. At the confrontation, [appellant] pointed the gun at the forehead of the victim, who then engaged in a struggle with [appellant]. Upon swiping the gun away from his forehead, the weapon discharged and the victim suffered a laceration on his forehead. [Appellant] and his

friends fled from the scene. The victim did not suffer permanent injuries.

{¶18} The trial court indicated that it also considered appellant's phone call, the amenability report, and Dr. Hagen's report. The court noted that the amenability report states that appellant (1) "does not appear to have any mental illness," and (2) previously received sex offender counseling, as well as "counseling involving frustration tolerance, substance use and anger management," (3) received "some post release counseling through Scioto Paint Valley Mental Health," (4) "is a frequent marijuana user and has progressed to other illicit substances." The court rejected Hagen's opinion that sufficient time remained to rehabilitate appellant within juvenile court. In so doing, the court pointed out that case law provides that a trial court need not always accept an expert witness's opinion. Furthermore, court observed that, at the time of the offense, appellant "was just three months shy of turning eighteen" and nineteen years and three months of age at the time of the court's amenability decision. The court also quoted language from a Third District case:

> the premeditation by the child, the callousness displayed by the child in the commission of this offense, and the severity of the crime charged provides the Court with NO reasonable assurance of public safety for the community if this child were to remain in the juvenile system.

*State v. Everhardt*, 3rd Dist. Hancock No. 5-17-25, 2018-Ohio-1252, ¶ 14.

{¶19} After review, the trial court found that several R.C. 2152.12(D) factors weighed in favor of transfer to the common pleas court, and only one R.C. 2152.12(E) factor weighed against transfer. Specifically, R.C. 2152.12(D)(1), (3), (5), (8), and (9) weighed in favor of transfer and only R.C. 2152.12(E)(5) weighed against transfer. The court thus found "that the State has proven that the juvenile is not amenable to rehabilitation and that the jurisdiction of this court should be relinquished and transferred to the General Division for further prosecution." On December 29, 2020, the common pleas court ordered appellant's sentence to be executed. This appeal followed.

I

{¶20} In his first assignment of error, appellant asserts that the trial court plainly erred by determining that he is not amenable to treatment within the juvenile system. Appellant alleges, in essence, that the trial court violated his due process right to a fundamentally fair amenability hearing by considering his age at the time of the amenability hearing,

rather than considering his age at the time of the probable cause hearing.

{¶21} Appellant also observes that his initial charge involved the offense of attempted aggravated murder, which requires a mandatory bindover to the common pleas court's general division, and, approximately one year later, he entered a guilty plea to the offense of felonious assault that does not require a mandatory bindover. Appellant asserts that, because the court held an amenability hearing one and one-half years after his initial charge, the state's initial decision to charge him with an offense that requires a mandatory bindover caused appellant to lose that time within the juvenile system. He thus claims that because the loss of time "is one of the main reasons" the trial court concluded that appellant is not amenable to treatment within the juvenile system, the trial court should not have considered the time that elapsed between the date of the initial charge and the date of the amenability hearing. In other words, this passage of time was due to factors beyond appellant's control, i.e., the mandatory bindover and the subsequent court proceedings. Appellant thus argues that this passage of time violated his due process right to a fundamentally fair amenability hearing.

**{¶22}** We initially observe that, during the amenability hearing, appellant did not argue that the trial court should not consider the amount of time that passed while the case proceeded through the common pleas court. It is well-settled that a party may not raise any new issues or legal theories for the first time on appeal. *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975). In general, a litigant who fails to raise an argument in a trial court forfeits the right to raise that issue on appeal. *E.g., Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 30, (appellant may not raise argument on appeal not raised in the lower court); *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 21 (defendant forfeits constitutional challenge by failure to raise it during trial court proceedings); *State ex rel. Jeffers v. Athens Cty. Commrs.*, 4th Dist. Athens No. 15CA27, 2016-Ohio-8119, fn.3. Therefore, in the case sub judice appellant has forfeited the right to raise this issue on appeal.

**{¶23}** Appellate courts may, however, consider a forfeited argument using a plain-error analysis. *See Risner v. Ohio Dept. of Nat. Resources, Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 27 (reviewing court has discretion to consider forfeited constitutional challenges); *see*

*also Hill v. Urbana*, 79 Ohio St.3d 130, 133-34, 679 N.E.2d 1109 (1997), citing *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus ("[e]ven where [forfeiture] is clear, [appellate] court[s] reserve[] the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it'"); *State v. Pyles*, 7th Dist. Mahoning No. 13-MA-22, 2015-Ohio-5594, ¶ 82, quoting *State v. Jones*, 7th Dist. No. 06-MA-109, 2008-Ohio-1541, ¶ 65 (plain error doctrine "'is a wholly discretionary doctrine'"); *DeVan v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga, 2015-Ohio-4279, 45 N.E.3d 661, ¶ 9 (appellate court retains discretion to consider forfeited argument); *see Rosales-Mireles v. United States*, ___ U.S. ___, 138 S.Ct. 1897, 1904, 201 L.Ed.2d 376 (2018) (court has discretion whether to recognize plain error).

{¶24} For the plain error doctrine to apply, the party claiming error must establish (1) that "'an error, i.e., a deviation from a legal rule'" occurred, (2) that the error was "'an "obvious" defect in the trial proceedings,'" and (3) that this obvious error affected substantial rights, i.e., the error "'must have affected the outcome of the [proceedings].'" *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d

1240 (2002); Schade v. Carnegie Body Co., 70 Ohio St.2d 207, 209, 436 N.E.2d 1001, 1003 (1982) ("A 'plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings."). For an error to be "plain" or "obvious," the error must be plain "under current law" "at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 467, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *accord Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240; *State v. G.C.*, 10th Dist. Franklin No. 15AP-536, 2016-Ohio-717, ¶ 14.

**{¶25}** In the case sub judice, after our review we do not believe that the trial court committed an obvious error that affected appellant's substantial rights. We first point out that, although appellant couches his argument in terms of "the passage of time," the essence of appellant's argument is that the trial court should have considered his age at the time of the probable cause hearing, not his age at the time of the amenability hearing when the court had to decide whether sufficient time remained to rehabilitate him within the juvenile system.

**{¶26}** To support his argument, appellant asserts that *State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, 82 N.E.3d 1162, ¶

12, stands for the proposition that a court that conducts an amenability hearing "must determine what the juvenile court would have been required to do with the case if the juvenile had been charged with only those offenses for which convictions were obtained." He thus contends that "[f]undamental fairness requires the juvenile court to make its decision in the same way it would have had the amenability hearing happened immediately after the probable cause hearing."

**{¶27}** We point out, however, that the portion of the *D.B.* opinion appellant quotes did not discuss the provision of the statute at issue in the case sub judice, R.C. 2151.121(B)(3)(b), but rather discussed the overall R.C. 2152.121(B) framework. As the court noted, R.C. 2152.121(B) provides that, if a delinquent child's case is mandatorily transferred to the common pleas court, and if the child later is convicted of or pleads guilty to an offense in that case, the court shall determine the sentence to be imposed or the disposition to be made as stated in the sections that follow. The first section, R.C. 2152.121(B)(1), requires a court to initially determine whether the offense that the child pleaded guilty to, or was convicted of, would require mandatory transfer, or would permit a discretionary transfer. The *D.B.* court stated that R.C. 2152.121(B)(1):

> requires the trial court in which a juvenile has been convicted to determine whether 'division (A) of section 2152.12 of the Revised Code would have required mandatory transfer of the case or division (B) of that section would have allowed discretionary transfer of the case' if only those charges that resulted in convictions had been presented to the juvenile court in the delinquency complaint.

*D.B.* at ¶ 12, quoting R.C. 2152.121(B)(1). The court explained: "In other words, the trial court must determine what the juvenile court would have been required to do with the case if the juvenile had been charged with only those offenses for which convictions were obtained." *Id.* Thus, *D.B.* stands for the proposition that a court that is determining, under R.C. 2152.121(B)(1), whether the case would have been subject to mandatory or discretionary transfer must consider the offenses that the child ultimately was convicted of, not the offenses originally charged. The *D.B.* court did not, however, make the sweeping statement that appellant claims that, when conducting an amenability hearing under R.C. 2152.121(B)(3)(b), "the trial court must determine what the juvenile court would have been required to do with the case if the juvenile had been charged with only those offenses for which convictions were obtained." *Id.* Rather, the court stated that when the court initially determines, under R.C. 2152.121(B)(1), the sentence to be imposed or the disposition to be made, the court must consider

the "offenses for which convictions were obtained" and ask "what the juvenile court would have been required to do if the juvenile had been charged with only those offenses." *Id.* We therefore find appellant's reliance on *D.B.* unavailing.

**{¶28}** Appellant cites no other authority to support the argument that courts cannot consider an offender's age at the time of the amenability hearing, but instead must consider the offender's age at the time of the probable cause hearing or that fundamental fairness requires courts that conduct amenability hearings after a reverse transfer to consider an offender's age at the time of the probable cause hearing, rather than age at the time of the amenability hearing. We therefore do not agree with appellant that the trial court obviously erred by considering appellant's age at the time of the amenability hearing, rather than his age at the time of the probable cause hearing.

**{¶29}** Furthermore, assuming, arguendo, that the trial court erred by considering appellant's age at the time of the amenability hearing, we do not believe that appellant can establish that any such error affected his substantial rights. The amenability hearing procedure requires courts to consider a host of factors to determine whether an offender is amenable to treatment within the juvenile system. R.C. 2152.121(B)(3)(b)

requires courts to consider the factors listed in R.C.

2152.12(D) and (E), and then determine whether the factors in

division (D) "outweigh the applicable factors listed in division

(E)."

{¶30} R.C. 2152.12(D) lists nine factors that weigh in favor

of transfer. One factor is "[t]here is not sufficient time to

rehabilitate the child within the juvenile system." R.C.

2152.12(D)(9). The remaining factors include:

> (1) The victim of the act charged suffered physical
> or psychological harm, or serious economic harm, as a
> result of the alleged act.
> (2) The physical or psychological harm suffered by
> the victim due to the alleged act of the child was
> exacerbated because of the physical or psychological
> vulnerability or the age of the victim.
> (3) The child's relationship with the victim
> facilitated the act charged.
> (4) The child allegedly committed the act charged
> for hire or as a part of a gang or other organized
> criminal activity.
> (5) The child had a firearm on or about the child's
> person or under the child's control at the time of the
> act charged, the act charged is not a violation of
> section 2923.12 of the Revised Code, and the child,
> during the commission of the act charged, allegedly used
> or displayed the firearm, brandished the firearm, or
> indicated that the child possessed a firearm.
> (6) At the time of the act charged, the child was
> awaiting adjudication or disposition as a delinquent
> child, was under a community control sanction, or was on
> parole for a prior delinquent child adjudication or
> conviction.
> (7) The results of any previous juvenile sanctions
> and programs indicate that rehabilitation of the child
> will not occur in the juvenile system.
> (8) The child is emotionally, physically, or
> psychologically mature enough for the transfer.

{¶31} R.C. 2152.12(E) lists eight factors that weigh against transfer. One factor is "[t]here is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety." R.C. 2152.12(E)(8). The remaining factors include:

(1) The victim induced or facilitated the act charged.
(2) The child acted under provocation in allegedly committing the act charged.
(3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person.
(4) The child did not cause physical harm to any person or property, or have reasonable cause to believe that harm of that nature would occur, in allegedly committing the act charged.
(5) The child previously has not been adjudicated a delinquent child.
(6) The child is not emotionally, physically, or psychologically mature enough for the transfer.
(7) The child has a mental illness or intellectual disability.

{¶32} In the case before us, our review of the record reveals that the trial court engaged in the weighing process that the amenability statute contemplates. The trial court found that the factors that favor transfer are (1) the victim suffered physical or psychological harm as a result of the alleged act; (2) appellant's relationship with the victim facilitated the act; (3) appellant used a firearm; (4) appellant

is emotionally, physically, or psychologically mature enough for the transfer; and (5) insufficient time remains to rehabilitate the child within the juvenile system.

{¶33} Even had the trial court not considered appellant's age at the time of the amenability hearing when it evaluated whether sufficient time remained to rehabilitate appellant within the juvenile system, but instead considered appellant's age at the time of the probable cause hearing, the trial court nevertheless could have concluded that sufficient time did not remain to rehabilitate appellant within the juvenile system. At the time of the probable cause hearing, appellant was 18 years old. At the amenability hearing, Dr. Hagen testified that three years would allow sufficient time to rehabilitate appellant within the juvenile system. The prosecutor asked Hagen whether sufficient time remained to rehabilitate appellant within the juvenile system, considering that appellant was 19 years and a few months of age at the time of the hearing, as Hagen believed that the time that remained (approximately one year and nine months) would be "an adequate amount of time." The trial court, however, rejected Hagen's opinion in its entirety. The court's decision included language to suggest that it found that, even if sufficient time remained to rehabilitate appellant within the juvenile system, the level of security available in the juvenile

system does not provide a reasonable assurance of public safety. R.C. 2152.12(E)(8). The court quoted *State v. Everhardt*, *supra*, and stated that the circumstances of the offense provided the court with "NO reasonable assurance of public safety for the community if this child were to remain in the juvenile system." *Id.* at ¶ 14. By including the above quote, the court indicates that, even if sufficient time remained to arguably rehabilitate appellant, the circumstances of appellant's offense and phone call statements did not provide the court any reasonable assurance of public safety if appellant were to remain in the juvenile system. Thus, we do not believe that the court would have determined that appellant is amenable to treatment within the juvenile system if the court had considered appellant's age at the time of the probable cause hearing, rather than his age at the time of the amenability hearing. Consequently, we do not believe that the court's consideration of appellant's age at the time of the amenability hearing constitutes plain error.[3]

{¶34} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II

---

[3] Appellant does not argue in his first assignment of error that the trial court incorrectly weighed the factors. Thus, we need not consider the court's evaluation of the factors.

**{¶35}** In his second assignment of error, appellant asserts that the trial court plainly erred by not applying the clear and convincing evidence standard when it determined whether appellant is amenable to treatment within the juvenile system.

**{¶36}** Initially, we again note that, because appellant did not raise this argument during the trial court proceedings, he forfeited the right to raise the issue on appeal. Moreover, appellant cannot establish that any error that the court made by failing to apply the clear and convincing evidence standard is an obvious error. As appellant points out in his brief, "[t]he standard of proof on this issue of non-amenability is not settled." If the standard is unsettled, then an error in applying, or failing to apply, a particular standard could not, by definition, be an obvious error. *Johnson v. United States*, *supra* (that for error to be "plain" or "obvious," error must be plain "under current law" at time of appellate consideration). Additionally, appellant did not cite any mandatory authority to require the trial court to apply a clear and convincing evidence standard. Therefore, we cannot conclude that the trial court plainly erred as appellant suggests.

**{¶37}** We further observe that this court, along with other Ohio appellate courts and the Ohio Supreme Court, has reviewed

trial court amenability decisions using the abuse of discretion standard of review. *State v. West*, 167 Ohio App.3d 598, 2006-Ohio-3518, 856 N.E.2d 285, ¶ 10 (4th Dist.); *e.g., In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 14; *State v. Gregory*, 2nd Dist. Montgomery No. 28695, 2020-Ohio-5207, ¶ 27. Under the abuse of discretion standard, "the juvenile court enjoys wide latitude to retain or relinquish jurisdiction, and the ultimate decision lies within its sound discretion." *State v. Watson*, 47 Ohio St.3d 93, 95, 547 N.E.2d 1181 (1989).

**{¶38}** Here, appellant did not argue that the trial court abused its discretion by determining that he is not amenable to treatment within the juvenile system, but, instead contends that the trial court obviously erred by finding appellant is not amenable to treatment within the juvenile system without requiring the state to present clear and convincing evidence that appellant is not amenable to treatment within the juvenile system.

**{¶39}** When trial courts apply a clear and convincing evidence standard, reviewing courts typically apply a manifest weight of the evidence standard of review. In considering whether a court's judgment is against the manifest weight of the evidence, a reviewing court

"'"weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."'"

*Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist. 2001), quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶40} Thus, a clear and convincing evidence standard may appear to be incompatible with the appellate abuse of discretion standard of review. As we stated above, it is well-established that appellate courts review trial court amenability decisions using the abuse of discretion standard of review. *E.g., West* at ¶ 10. We recognize, however, that the Ohio Supreme Court has, at times, applied a puzzling, hybrid manifest weight and abuse of discretion standard of review. *E.g., In re Lu.B.*, 4th Dist. Hocking No. 21CA1, 2021-Ohio-4479, ¶ 18. We also note that this standard of proof issue is currently under review before the Ohio Supreme Court (the court held oral arguments on December 7, 2021.) See *State v. Nicholas*, 161 Ohio St.3d 1439, 2021-Ohio-375, 162 N.E.3d 822. Thus, the Ohio Supreme Court ultimately

will decide whether the clear and convincing evidence standard of proof, or some other standard, applies to amenability hearings under R.C. Chapter 2152.[4]

{¶41} Under the current state of the law, trial courts need not find, by clear and convincing evidence, that a child is not amenable to treatment within the juvenile system before the court may transfer the case to the common pleas court general division. Instead, "the juvenile court enjoys wide latitude to retain or relinquish jurisdiction, and the ultimate decision lies within its sound discretion." *Watson*, 47 Ohio St.3d at 95. Once again, because appellant did not raise any argument that the trial court abused its discretion, we do not address the issue in any detail, but we simply note that the record reflects that the trial court appropriately exercised its discretion when it concluded that appellant is not amenable to treatment within the juvenile system.

{¶42} We further note that even if we agreed that the clear and convincing evidence standard applies to R.C.

---

[4] *Nicholas* involves the initial decision to transfer under R.C. 2152.12, not a reverse transfer under R.C. 2152.121(B)(3)(b). Nevertheless, both statutes require juvenile courts to consider the same factors in R.C. 2152.12(D) and (E). Thus, it makes sense for the same standard to apply under the initial-transfer statute, R.C. 2152.12, and the reverse-transfer statute, R.C. 2152.121(B)(3)(b).

2152.121(B)(3)(b) amenability hearings, this court should not, in the first instance, determine whether the record contains clear and convincing evidence. Instead, the state should have the opportunity to present evidence to satisfy any newly-imposed, heightened standard of proof. For this reason, we decline appellant's invitation to engage in the fact-based, clear and convincing evidence analysis that appellant sets forth in his brief.

{¶43} Within his second assignment of error, appellant further asserts that the state "must bear the burden of proving that a child is not amenable to treatment in the juvenile system." We again point out, however, that appellant did not raise this issue during the trial court proceedings. Thus, absent plain error, appellant has forfeited the issue for purposes of appeal.

{¶44} Consequently, we do not believe that the trial court plainly erred by improperly allocating the burden of proof. Appellant did not cite anything in the record to show that the trial court required him to prove he is amenable to treatment in the juvenile system. In fact, at the amenability hearing the court stated that "the burden rests with the State of Ohio."

**{¶45}** We recognize, however, as does appellant, that the reverse-transfer statute is silent as to burden of proof. Instead, the statute states:

> the prosecuting attorney in the case may file a motion in the juvenile court that objects to the imposition of a serious youthful offender dispositional sentence upon the child and requests that the sentence imposed upon the child by the court in which the child was convicted of or pleaded guilty to the offense be invoked.

R.C. 2152.121(B)(3)(b).

**{¶46}** Once a prosecutor files a motion to object to the imposition of an SYO dispositional sentence, the statute requires a juvenile court to "hold a hearing to determine whether the child is not amenable to care or rehabilitation within the juvenile system and whether the safety of the community may require that the child be subject solely to adult sanctions." *Id.* The statute continues: "If the juvenile court at the hearing finds that the child is not amenable to care or rehabilitation within the juvenile system or that the safety of the community may require that the child be subject solely to adult sanctions, the court shall grant the motion." *Id.*

**{¶47}** Nothing in the foregoing provisions clearly allocates a burden of proof. We further observe that one issue the *Nicholas* court accepted for review concerns the burden of proof under the transfer statute, R.C. 2152.12(B). Thus, we are

unable to conclude that the trial court plainly erred by applying an incorrect burden of proof.

**{¶48}** Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

III

**{¶49}** In his third assignment of error, appellant asserts that the trial court erred by failing to consider "all dispositional options provided by the statute, including a serious youthful offender disposition."[5]

**{¶50}** The state, however, asserts that appellant's argument misconstrues the statute that governs a court's options in a reverse-transfer situation under R.C. 2152.121(B)(3). We agree with the state.

**{¶51}** R.C. 2152.121(B)(3) applies when the offense for which a child was convicted did not require mandatory transfer but, instead, allowed discretionary transfer. In this situation, the common pleas court "shall determine the sentence it believes should be imposed upon the child under Chapter 2929. of the Revised Code, shall impose that sentence upon the child, and

---

[5] Appellant contends that the issue raised in his third assignment of error also is at issue in *Nicholas*. We again note, however, that *Nicholas* involves juvenile a court's initial decision to transfer a case to common pleas court, not the reverse-transfer procedure at issue in the case sub judice.

shall stay that sentence pending completion of the procedures specified in [R.C. 2152.121(B)(3)]." The statute then requires the court to "transfer jurisdiction of the case back to the juvenile court that initially transferred the case and the juvenile court shall proceed in accordance with this division." R.C. 2152.121(B)(3). Once the case returns to the juvenile court's jurisdiction, R.C. 2152.121(B)(3)(a) states that "the juvenile court shall impose a serious youthful offender dispositional sentence upon the child under [R.C. 2152.13(D)(1)]," unless the prosecuting attorney timely files an R.C. 2152.121(B)(3)(b) motion that objects to the imposition of the SYO dispositional sentence.[6]

---

[6] R.C. 2152.13(D)(1) states:

If a child is adjudicated a delinquent child for committing an act under circumstances that require the juvenile court to impose upon the child a serious youthful offender dispositional sentence under section 2152.11 of the Revised Code, all of the following apply:
(a) The juvenile court shall impose upon the child a sentence available for the violation, as if the child were an adult, under Chapter 2929. of the Revised Code, except that the juvenile court shall not impose on the child a sentence of death or life imprisonment without parole.
(b) The juvenile court also shall impose upon the child one or more traditional juvenile dispositions under sections 2152.16, 2152.19, and 2152.20, and, if applicable, section 2152.17 of the Revised Code.
(c) The juvenile court shall stay the adult portion of the serious youthful offender dispositional sentence

{¶52} If the court grants the prosecutor's motion, the court must "transfer jurisdiction of the case back to the court in which the child was convicted of or pleaded guilty to the offense, and the sentence imposed by that court shall be invoked." 2152.121(B)(3)(b). If, however, the court denies the prosecutor's motion, then the court must "impose a [SYO] dispositional sentence upon the child in accordance with [R.C. 2152.121(B)(3)(a)]."

{¶53} Consequently, contrary to appellant's argument, R.C. 2152.121 does not give the juvenile court discretion to consider all dispositional options available in the juvenile system. Instead, following each step of the statutory analysis that applies in a reverse-transfer situation indicates that a court has two options: (1) impose an SYO dispositional sentence; or (2) transfer jurisdiction to the common pleas court, "and the sentence imposed by that court shall be invoked." R.C. 2152.121(B)(3)(b). It appears that nothing in the reverse-transfer statute that governs the analysis in the case sub judice gave the juvenile court any other dispositional alternatives to consider.

---

pending the successful completion of the traditional juvenile dispositions imposed.

**{¶54}** Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error.

IV

**{¶55}** In his fourth assignment of error, appellant asserts that his trial counsel failed to provide the effective assistance of counsel as guaranteed under the Ohio and United States Constitutions. Specifically, appellant contends that counsel performed ineffectively by failing to (1) advocate for a clear and convincing standard of proof to determine whether appellant is amenable to treatment within the juvenile system, and (2) ask the court to impose an SYO dispositional sentence.

**{¶56}** The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Hinton v. Alabama*, 571 U.S. 263, 272, 134 S.Ct. 1081, 188 L.Ed.2d 1 (2014) (Sixth Amendment right to counsel means "that defendants are entitled to be

represented by an attorney who meets at least a minimal standard of competence").

{¶57} To establish constitutionally ineffective assistance of counsel, a defendant must show (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *E.g., Strickland*, 466 U.S. at 687; *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 183; *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 85. "Failure to establish either element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14. Therefore, if one element is dispositive, a court need not analyze both. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (defendant's failure to satisfy one of the ineffective assistance of counsel elements "negates a court's need to consider the other").

{¶58} In the case at bar, we do not believe that appellant can establish that his trial counsel failed to provide effective assistance of counsel. Appellant first asserts that trial counsel failed to ask the trial court to use a clear and convincing evidence standard when determining appellant's amenability to treatment within the juvenile system. However, as we concluded in appellant's second assignment of error, the

current state of the law does not require juvenile courts to apply a clear and convincing evidence standard of proof when considering, under R.C. 2152.121(B)(3)(b), whether an offender is amenable to treatment within the juvenile system. Thus, trial counsel did not act deficiently by failing to ask the court to apply a new standard.

{¶59} We recognize appellant's argument that counsel could have advocated for a new standard or a change in the law, but appellant does not cite any authority to support the position that counsel performs deficiently if counsel fails to advocate for a new standard or a change in the law. Appellant's failure to establish the deficient performance part of the ineffective-assistance-of-counsel analysis is dispositive of this claim.

{¶60} Appellant further contends that trial counsel performed ineffectively by failing to ask the court to impose an SYO dispositional sentence. We noted in appellant's third assignment of error that R.C. 2152.121(B)(3)(b) outlines the trial court's options in a reverse-transfer case. If the state did not object to the imposition of an SYO dispositional sentence, the trial court would have been required to impose that sentence. The state, however, objected to the imposition of an SYO dispositional sentence. In light of the statutory scheme, we do not believe appellant can establish that trial

counsel failed to provide effective assistance of counsel by not specifically asking the court to impose an SYO dispositional sentence.

{¶61} Accordingly, based upon the foregoing reasons, we overrule appellant's fourth assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed. Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of 60 days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the 60-day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the 45-day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.