[Cite as *Kent State Univ. v Manley*, 2022-Ohio-4512.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| KENT STATE UNIVERSITY, | : | |
| Plaintiff-Appellee, | : | No. 111483 |
| v. | : | |
| ERICA E. MANLEY, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** December 15, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-931391

### *Appearances:*

Keith D. Weiner & Associates Co., LPA, and Suzana Pastor, *for appellee.*

Erica E. Manley, *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Erica E. Manley ("Manley"), pro se, appeals a money judgment rendered against her and in favor of plaintiff-appellee, Kent State University ("Kent"), in the amount of $16,517.68. She claims the following errors:

> 1. The trial court erred and abused its discretion, to the prejudice of appellant, by denying the appellant's motion to dismiss and awarding

judgment for unrendered educational services which was not supported by the facts, evidence, or law.

2. The trial court abused its discretion and erred to the prejudice of appellant by denying insufficiency of service defense and entering judgment on a complaint in which it lacked jurisdiction over the appellant contrary to Ohio law and the Fourteenth Amendment to the U.S. Constitution.

3. Kent failed to join a necessary and indispensable party, Higher One, Inc. under Civ.R. 19 and 12(b)(7) and, therefore, the trial court erred and abused its discretion, to the prejudice of appellant, by denying the appellant's motion to dismiss and awarding judgment which by law should have been dismissed in its entirety.

4. Trial court erred and abused its discretion in granting summary judgment in favor of Kent because the case presented genuine issues of material fact which demanded trial resolution, Kent was not entitled to judgment as a matter of law, and the decision was against the manifest weight of the evidence.

5. Trial court erred to the prejudice of appellant by issuing a continuance of the pretrial scheduled for September 29, 2020, after appellee failed to attend the pretrial without notice, and without judiciable reason.

{¶ 2} After careful review of the record and law, we dismiss the case for lack of a final, appealable order.

## I. Facts and Procedural History

{¶ 3} Kent accepted Manley into the School of Library and Information Science in 2013 and offered Manley the opportunity to earn credits toward a degree. Manley accepted the offer, enrolled in courses at Kent for the Spring 2015 semester, and received an award of federal financial aid to pay for the courses. As part of the financial aid package, Kent, through its agent, Higher One, Inc., issued a check

payable to Manley in the amount of $9,013.00. The check was cashed on April 17, 2015. (Plaintiff's motion for summary judgment, ex. B1-B2, G.)

{¶ 4} Manley did not attend the courses in which she enrolled. Having withdrawn from classes, Manley was required, under Title IV of the Higher Education Act of 1965 ("Title IV"), to return the funds to the United States Department of Education. Kent returned $9,013.00 of its own funds to the United States Department of Education on Manley's behalf and sought repayment from Manley, who failed to repay the funds.

{¶ 5} After unsuccessfully attempting to collect the debt from Manley, Kent filed a complaint against her in March 2020, asserting claims for the balance due on Manley's account and for unjust enrichment. In its prayer for relief, Kent requested the sum of $17,049.40, plus interest at a rate of five percent from March 19, 2020, and court costs. Manley filed an answer and counterclaim, alleging that Kent and its attorney violated certain consumer and fair-debt collection laws. She also sought (1) a declaratory judgment, declaring that Kent engaged in unconscionable practices; and (2) an injunction, enjoining Kent from violating consumer and fair-debt laws. Manley later filed a motion for leave to amend the counterclaim to remove Kent as a party-defendant, and the trial court denied the motion.

{¶ 6} Manley also filed a motion to dismiss the complaint, arguing, among other things, that Kent never properly served Manley with the complaint. Manley raised failure of service as an affirmative defense in her answer. Nevertheless, the trial court overruled her motion to dismiss.

{¶ 7} Kent filed a motion to dismiss Manley's counterclaims and a motion for summary judgment on its claims against Manley. In a judgment entry dated November 10, 2020, the court granted Kent's motion for summary judgment and entered judgment against Manley for $16,517.68, plus interest at the statutory rate from March 19, 2020. (See judgment entry dated 11/10/20.) Manley appealed, but the appeal was dismissed for lack of a final, appealable order because Manley's counterclaims had not been properly resolved. Manley appealed the dismissal of her appeal to the Ohio Supreme Court in June 2021. While the appeal was pending in the Supreme Court, the trial court issued a nunc pro tunc judgment, dated August 4, 2021, stating, among other things, that "each and every counterclaim asserted and/or stated by the defendant in her answer and counterclaim are dismissed."

{¶ 8} The Ohio Supreme Court declined to accept jurisdiction over Manley's appeal on August 31, 2021, and the case was remanded to this court, which remanded it to the trial court. In a judgment entry dated September 17, 2021, the administrative judge of the common pleas court stated that the case was being returned to the assigned judge. Following remand, the trial court entered judgment stating, in relevant part: "The court granted plaintiff's motion for summary judgment on 09-14-20. Thereafter, on 08-04-21, this court dismissed all remaining claims. Case disposed." This timely appeal followed.

## II. Law and Analysis

{¶ 9} The Ohio Constitution limits appellate jurisdiction to the review of final judgments. Article IV, Section 3(B)(2), Ohio Constitution. "If an order is not final

and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6. A trial court order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Madfan, Inc. v. Makris*, 8th Dist. Cuyahoga No. 102179, 2015-Ohio-1316, ¶ 6, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

{¶ 10} Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." To determine the action and prevent a judgment, the order "must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶ 11} If a case involves multiple parties or multiple claims, the court's order must also meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order. *Madfan* at ¶ 7; *Chef Italiano Corp.* at 88. Civ.R. 54(B) provides:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall

not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 12} Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. *U.S. Bank Trust, N.A. v. Osborne*, 4th Dist. Scioto No. 20CA3930, 2021-Ohio-2898, ¶ 22, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *see also Deutsche Bank Natl. Co. v. Caldwell*, 196 Ohio App.3d 636, 2011-Ohio-4508, 964 N.E.2d 1093, ¶ 9 (8th Dist.).

{¶ 13} The purpose of Civ.R. 54(B) is to balance the policy against piecemeal appeals with the possible injustice created by the delay of appeals "as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal[.]" *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977).

{¶ 14} This court dismissed Manley's first appeal for lack of a final, appealable order because the trial court failed to adequately address the 11 counts in the counterclaim, which included a claim for declaratory judgment. Ordinarily, "'when a trial court enters judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order.'" *Klocker v. Zeiger*, 8th Dist. Cuyahoga No. 92044, 2009-Ohio-3102, ¶ 13, quoting *Stiggers v. Erie Ins. Group*, 8th Dist.Cuyahoga No. 85418, 2005-Ohio-3434.

{¶ 15} The trial court's judgment, dated August 24, 2020, never specifically addressed Manley' claim for declaratory judgment. Following this court's dismissal of the appeal for lack of a final, appealable order, the trial court entered a "nunc pro tunc" judgment entry, dated August 4, 2021, stating that "each and every counterclaim asserted and/or stated by the defendant in her answer and counterclaim are dismissed." However, again, this judgment entry did not specifically address Manley's claim for declaratory judgment. Moreover, the case was pending in the Ohio Supreme Court at the time the trial court entered the August 4, 2021 judgment entry.

{¶ 16} The procedural posture of this case raised several questions whether the judgment under review is a final, appeal order. We, therefore, asked the parties to file briefs answering the following questions: (1) whether the trial court's August 4, 2021 judgment is void for lack of jurisdiction; (2) whether the trial court's entries adequately address the counterclaim for declaratory judgment; (3) whether Manley's filings relating to her amended complaint dismissed the claim for declaratory judgment; (4) whether the April 7, 2022 entry invoking the August 4, 2021 entry dismissed the counterclaims; and (5) whether the April 7, 2022 judgment is a final, appealable order.

## 1. August 4, 2021 Judgment Entry

{¶ 17} In Manley's brief, she contends the August 4, 2021 judgment entry was void, not because the case was pending in the Ohio Supreme Court, but because she

was never served with Kent's complaint and that, therefore, the trial court lacked personal jurisdiction over her.

{¶ 18} "[I]n order to render a valid personal judgment, a court must have personal jurisdiction over the defendant." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). A court may acquire personal jurisdiction over the defendant "by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Id*. Whether the trial court had personal jurisdiction over the defendant is a question of law subject to de novo review. *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, 6 N.E.3d 9.

{¶ 19} Manley asserted the defense of lack of service in her answer and moved to dismiss Kent's complaint, in part, due to lack of service. (*See* memorandum in support of defendant's partial motion to dismiss the plaintiff's complaint dated Sept. 11, 2020.) If the affirmative defense of insufficiency of service of process is properly raised in the answer, the party's active participation in the litigation does not constitute a waiver of that defense. *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, syllabus. Thus, Manley preserved the affirmative defense of insufficiency of service of process.

{¶ 20} Kent's complaint was sent, by certified mail, to Manley's address and someone signed for it. Civ.R. 4.1(A) provides that service of process may be made by certified mail "'evidenced by return receipt signed by any person * * * .'" *Matteo*

*v. Principe*, 8th Dist. Cuyahoga No. 92894, 2010-Ohio-1204, ¶ 10, quoting Civ.R. 4.1(A); *see also Belovich v. Crowley*, 8th Dist. Cuyahoga No. 109523, 2021-Ohio-2039, ¶ 31.

{¶ 21} "'There is a rebuttable presumption of proper service when the civil rules governing service are followed.'" *Belovich* at ¶ 31, quoting *Roscoe v. Delfraino*, 7th Dist. Mahoning No. 19 MA 0038, 2019-Ohio-5253, ¶ 25, citing *Draghin v. Issa*, 8th Dist. Cuyahoga No. 98890, 2013-Ohio-1898, ¶ 10. The presumption of proper service can be rebutted, however, where a defendant presents sufficient evidentiary-quality information demonstrating that service was not accomplished. *McWilliams v. Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390 and 98423, 2013-Ohio-29, ¶ 51, citing *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, ¶ 23.

{¶ 22} Manley does not dispute that service by certified mail was sent to her home address. She contends she was not served with the complaint because someone fraudulently signed her name on the certified mail receipt. However, Manley did not present any evidence other than her own self-serving assertion that her signature was forged by someone. "'[A] party's self-serving statement that he [or she] did not receive service is generally insufficient to rebut the presumption of service.'" *Foster v. Benson*, 8th Dist. Cuyahoga No. 107366, 2019-Ohio-1528, ¶ 30, quoting *Castanias v. Castanias*, 12th Dist. Warren No. CA2009-11-152, 2010-Ohio-4300, ¶ 11. *See also Alcorso v. Correll*, 8th Dist. Cuyahoga No. 110218, 2021-Ohio-3351, ¶ 29 (same).

{¶ 23} Manley nevertheless contends we should find lack of service because any lay person comparing the signature on the certified mail receipt with Manley's signature on her pleadings would conclude that they were not signed by the same person. She cites *Hook v. Collins*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, and *Midland Funding, L.L.C. v. Cherrier*, 8th Dist Cuyahoga No. 108595, 2020-Ohio-3280, in support of her argument.

{¶ 24} In *Hook* and *Midland Funding*, we held:

> [T]he rebuttable presumption of proper service may be rebutted by evidence that the defendant did not reside, nor received mail, at the address to which such ordinary mail service was addressed. * * *

> "Where the defendant files a motion to vacate judgment, and swears under oath that he or she did not reside at the address to which process was sent, the presumption is rebutted, and it is incumbent upon the plaintiff to produce evidence demonstrating that defendant resided at the address in question."

*Hook* at ¶ 15, quoting *Watts v. Brown*, 8th Dist. Cuyahoga No. 45638, 1983 Ohio App. LEXIS 15311, 14-15 (Aug. 4, 1983), citing *Schumacher*, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390, and 98423, 2013-Ohio 29, at ¶ 51; *See also Midland Funding* at ¶ 12.

{¶ 25} However, the plaintiffs in both *Hook* and *Midland Funding* attempted to serve the defendants by certified mail, and the certified mail was returned to the clerk as "unclaimed." *Hook* at ¶ 3; *Midland Funding* at ¶ 3. Thereafter, the clerk sent service to the defendants by ordinary mail, and the mailings were not returned. In both cases, the plaintiffs obtained default judgments against the defendants, and the defendants moved for relief from judgment pursuant to Civ.R. 60(B) claiming

lack of service. The initial failure of service by certified mail in each case corroborates the defendants' subsequent testimony that they were never served because they did not reside at the address where service was attempted. They apparently had no knowledge of either case until after judgment had been rendered against them.

{¶ 26} By contrast, Manley does not dispute that service was sent to the address where she was living, and she filed an answer to the complaint in less than two weeks from the date of service, despite the alleged failure of service. Therefore, *Hook* and *Midland Funding* are distinguishable from the facts of this case, and we find *Belisle Constr. Inc. v. Perry*, 3d Dist. Crawford No. 3-17-11, 2022-Ohio-239, more on point.

{¶ 27} In *Belisle Constr.*, the defendant attempted to rebut the presumption of proper service by claiming that the signature on the certified mail receipt was not his signature and that he was never served with the complaint. Like Manley, he did not dispute the fact that service was attempted at the address where he was living. Rather, he presented affidavits from himself and his ex-wife, averring that neither of their signatures appeared on the signed certified mail receipt. *Id*. at ¶ 27. The defendant also presented live testimony to that effect. The trial court rejected the affidavits and testimony as "self-serving" and found that the defendant failed to rebut the presumption of proper service. The Third District affirmed the trial court's judgment. *Id*. at ¶ 29-32.

{¶ 28} Self-serving testimony is insufficient to rebut the presumption of proper service for obvious reasons; any party could change his or her signature in order to claim lack of service. To allow parties to avoid service with self-serving testimony would encourage abuse of the process and make it difficult to obtain service. Manley did not provide any evidence, other than her own self-serving testimony, to establish lack of service. Therefore, she failed to rebut the presumption of proper service, and the trial court had personal jurisdiction over Manley.

{¶ 29} Kent argues the August 4, 2021 judgment entry was not void because the administrative judge of the common pleas court entered a judgment on June 14, 2021, indicating that the case had been remanded from the court of appeals and was being returned to the docket of the assigned judge. Kent further asserts that Manley should have appealed from the August 4, 2021 judgment instead of the April 7, 2022 judgment entry, which would have made the filing of Manley's notice of appeal on May 4, 2022 untimely. However, Kent ignores the fact that the case was pending in the Ohio Supreme Court at the time the administrative judge issued the June 14, 2021 judgment entry, purporting to return the case to the assigned judge.

{¶ 30} During the pendency of an appeal, the trial court is without jurisdiction to proceed on the merits of any remaining claims until the case is remanded to it by the higher court. *Story v. Price-Story*, 8th Dist. Cuyahoga No. 94085, 2010-Ohio-4675, ¶ 7. "An adjudication entered by a court without jurisdiction is a nullity and is void." *Id.*, citing *Fifth St. Realty Co. v. Clawson*, 9th

Dist. Lorain No. 94CA005996, 1995 Ohio App. LEXIS 2565 (June 14, 1995); *Lambda Research v. Jacobs*, 170 Ohio App.3d 750, 2007-Ohio-309, 869 N.E.2d 39, ¶ 22 (1st Dist.).

{¶ 31} Manley appealed to the Ohio Supreme Court on June 11, 2021. The Ohio Supreme Court declined jurisdiction over Manley's appeal on August 31, 2021. *See Kent State Univ. v. Manley*, 164 Ohio St.3d 1420, 2021-Ohio-2923, 172 N.E.3d 1046. Therefore, the August 4, 2021 judgment entry is void for lack of jurisdiction because it was entered while the case was pending in the Ohio Supreme Court.

### 2. Counterclaim for Declaratory Judgment and Final, Appealable Order

{¶ 32} Manley argues the trial court adequately addressed the counterclaim for declaratory judgment for purposes of determining whether there is a final, appealable order because the court granted Kent's motion to dismiss all of her counterclaims. Kent similarly asserts that because the court dismissed all of the counterclaims, it adequately disposed of the counterclaim for declaratory judgment. However, as previously stated, "'[W]hen a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order.'" *Klocker*, 8th Dist. Cuyahoga No. 92044, 2009-Ohio-3102, at ¶ 13, quoting *Stiggers*, 8th Dist. No. 85418, 2005-Ohio-3434.

{¶ 33} The trial court did not declare any of the parties' rights or obligations in disposing of Manley's counterclaim for declaratory judgment. In its motion to

dismiss the counterclaim, Kent argued that the trial court lacked jurisdiction to consider any of Manley's claims because the Ohio Court of Claims has exclusive jurisdiction over all civil suits brought against the state.

> R.C. 2743.03(A)(2) provides that when a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state arises out of the same circumstances giving rise to a civil action over which the Court of Claims otherwise would have jurisdiction, the Court of Claims has exclusive, original jurisdiction to hear and determine that claim.

*Interim Healthcare of Columbus, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. Franklin No. 07AP-747, 2008-Ohio-2286, ¶ 13, citing *Friedman v. Johnson*, 18 Ohio St.3d 85, 87, 480 N.E.2d 82 (1985).

{¶ 34} Because the court of claims has exclusive jurisdiction over any claims Manley may have against Kent, one could infer that the trial court dismissed her claim for declaratory judgment due to lack of subject-matter jurisdiction. However, the lack of jurisdiction is not evident from the face of the November 10, 2020 order, the August 4, 2021 order, or the April 7, 2022 order from which Manley appealed. Moreover, neither party articulates whether the April 7, 2022 judgment entry properly disposed of Manley's counterclaims or whether it is a final, appealable order.

{¶ 35} Manley did not address the question of whether her amended counterclaim dismissed her previously filed counterclaim for declaratory judgment. Kent argues, that Manley's amended counterclaim, which did not include a claim for declaratory judgment, replaced her previously filed counterclaim and disposed of

her claim for declaratory judgment. However, the trial court denied Manley's motion for leave to file an amended counterclaim. (See judgment entry dated Nov. 10, 2020.) Therefore, the amended counterclaim was never accepted by the court, and the original counterclaim remained pending.

{¶ 36} As previously stated, the August 4, 2021 nunc pro tunc judgment entry was a nullity because the trial court entered the judgment without jurisdiction while the case was pending in the Ohio Supreme Court. The April 7, 2022 judgment entry states, in relevant part:

> The court granted plaintiff's motion for summary judgment on 09-14-20. Thereafter, on 08-04-21, the court dismissed all remaining pending claims.
>
> Case disposed.

{¶ 37} Because the August 4, 2021 judgment entry is a nullity, it did not dismiss any "remaining claims," and Manley's counterclaims remained unresolved. Since the August 4, 2021 judgment entry failed to dispose of the counterclaims, the April 7, 2021 judgment entry's reference to it is nothing more than a reiteration of a nullity. And because the April 7, 2021 fails in its own right to adequately address Manley's counterclaims, those claims remain pending. Therefore, there is no final, appealable order.

{¶ 38} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
EMANUELLA D. GROVES, J., CONCUR