[Cite as *Owens Community College v. Martin*, 2026-Ohio-476.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Owens Community College        Court of Appeals No. {87}WD-25-032
c/o State of Ohio Collection Enforcement

         Trial Court No. CVF 2400286
       Appellant

v.

Michael S. Martin        **DECISION AND JUDGMENT**

       Appellee        Decided: February 13, 2026

* * * * *

Dave Yost, Ohio Attorney General and
Katherine A. Szudy, Assistant Attorney General, for appellant.

Taylor R. Ward, for appellee.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} This matter is before the court on appeal by Owens Community College (Owens), challenging the trial court's dismissal of its collection action on summary judgment based on application of a statute of limitations. For the reasons that follow, we reverse, vacate the judgment, and remand for further proceedings.

## II. Facts and Procedural Background

{¶ 2} Appellee Michael Martin is an Army veteran. Starting in 2014, Owens employed Martin as a part-time, state certifying official. Martin received free tuition to attend classes while working for Owens. In addition to his tuition waiver, Martin also applied for benefits under the Post 9/11 GI Bill and was awarded $1,553.00 for the Summer 2018 session and $2,413.50 for the Fall 2018 session. The GI benefits were distributed to Martin through his Owens student account.

{¶ 3} In May 2019, the Department of Veterans Affairs (VA) informed Owens that Martin was receiving free tuition from Owens and therefore was ineligible for the tuition and fee disbursements under the VA's GI bill. The VA instructed Owens to return the money disbursed to Martin, and Owens reimbursed the agency for the funds awarded to Martin. Owens terminated Martin's employment on July 16, 2019, for "fraudulently reporting tuition and fees cost to the Department of Veterans Affairs."

{¶ 4} On August 17, 2020, Owens mailed a letter to Martin seeking reimbursement of funds returned to the VA. Martin did not respond to the letter. Owens mailed a second letter to Martin, again requesting reimbursement. Martin did not respond to the second letter.

{¶ 5} On August 20, 2021, after receiving no communication from Martin, Owens certified the debt to the Ohio Attorney General (OAG). The OAG filed a complaint on behalf of Owens in the trial court on March 4, 2024, seeking reimbursement of funds returned to the VA. Martin did not file a response to the complaint, and on May 30, 2024,

2.

the trial court granted default judgment in favor of the OAG and Owens. Martin filed a response to the complaint the next day, appearing pro se.

{¶ 6} Martin subsequently obtained counsel and filed a motion to vacate the judgment, which the trial court granted. Martin then filed an answer and counterclaim, asserting as an affirmative defense that Owens' claim was time-barred under R.C. 131.02, and seeking damages through his counterclaim, alleging Owens breached his employment agreement and violated the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq., through charging improper fees, fines, and surcharges related to Martin's enrollment at Owens. The counterclaims alleged are as follows:

Count I

1. Defendant Michael S. Martin was an employee of Plaintiff at all times relevant hereto.
2. As a part of Defendant's employment, Plaintiff promised to waive fees and costs, such as those identified and attached to the Complaint.
3. Plaintiff breached its agreement, promise and/or arrangement with Defendant by charging him fees and costs which it previously agreed to waive and/or not seek reimbursement for.
4. As a direct and proximate result of Plaintiff's breach, Defendant was wrongfully charged fees and costs.
5. Many fees appear excessive, unnecessary and unconscionable. The fees charged by Owens amount to a high percent of the actual cost of attending the institution, which means that the tuition is not sufficient.

Count II

1. Defendant repeats and realleges each and every allegation as though fully set forth herein.
2. Plaintiff is a supplier as defined by R.C. 1345.01. Defendant is a consumer. This involves a consumer transaction.
3. Plaintiff engaged in deceptive and/or unconscionable practices in violation of R.C. 1345.02, 1345.03, the Ohio Administrative Code, and/or have been deemed unfair or deceptive practices by courts of this State.

3.

4. Plaintiff had an obligation to provide an itemized list of charges, fees, instructional fees, general fees, special purpose fees, service charges, fines, and other fees or surcharges applicable to Defendant in advance, pursuant to R.C. 3345.02.

5. Plaintiff did not provide an itemized list of charges, fees, instructional fees, general fees, special purpose fees, service charges, fines, and other fees or surcharges applicable to Defendant.

6. Said fees and charges identified in the … attachments to Plaintiff's Complaint are either excessive, unnecessary, inapplicable to Defendant, fees for which Defendant did not request nor receive any benefit, and are unconscionable.

7. Plaintiff has failed to identify the basis for its online fee, pursuant to R.C. 3345.461.

8. Defendant has been proximately cause[d] damages, and is entitled to statutory relief as allowed under R.C. 1345.09 et seq.

WHEREFORE, Defendant Michael S. Martin, hereby respectfully requests compensatory, incidental, and consequential damages, and actual economic damages and statutory damages including treble damages not to exceed $15,000.00, and attorney fees and costs, as allowed pursuant to R.C. 1345.09, and pre and post judgment interest allowed by law, and such other relief the Court deems just and proper.

{¶ 7} In response to the counterclaim, Owens filed a motion to dismiss, arguing the trial court lacked subject matter jurisdiction over damages claims against the state of Ohio, citing R.C. 2743.01(A) and Civ.R. 12(B)(1). The trial court granted the motion to dismiss the counterclaim and Martin moved to reinstate the counterclaim to permit removal to the court of claims pursuant to R.C. 2743.03(E)(1)-(2). The trial court reinstated the counterclaim and continued the matter for Martin to file his petition for removal to the court of claims. The record demonstrates no further action on the counterclaim following the trial court's conditional reinstatement of Martin's pleading.

4.

### III.  Jurisdictional Issues

**{¶ 8}** Martin did not remove the action to the Court of Claims, and the counterclaim remained pending on the trial court's docket at the time the trial court dismissed Owens' complaint pursuant to Civ.R. 12(B)(6). Because of this procedural irregularity, this case presents potential jurisdictional issues that must be resolved prior to addressing the merits of the claim on appeal.

### 1.  The trial court's order granting summary judgment in favor of Martin and dismissing Owens' collection action is a final judgment.

**{¶ 9}** The trial court initially dismissed the counterclaim based on a lack of subject matter jurisdiction under R.C. Chapter 2743, the Court of Claims Act. The General Assembly enacted the Court of Claims Act in 1975, waiving the state's immunity from certain suits and creating the Court of Claims to exercise exclusive, original jurisdiction over all suits permitted by the Act. *Friedman v. Johnson,* 18 Ohio St.3d 85, 86 (1985), citing R.C. 2743.02(A)(1) and 2743.03(A). "The Court of Claims has only that jurisdiction that is specifically conferred upon it by the General Assembly." (Citation omitted) *Wirick v. Transport America,* 2002-Ohio-3619, ¶ 11 (10th Dist.). It is a court of limited jurisdiction, with jurisdiction over original actions filed in the Court of Claims naming the state as defendant, or in "an action which originally did not involve a claim against the state, but where the state became a party-defendant through counterclaim or third-party practice." *Wirick* at ¶ 11, citing R.C. 2743.03(E).

**{¶ 10}** Here, Owens filed its claim against Martin, so this was not originally an action involving a claim against Owens, a state agency. Owens became a party-defendant

5.

through Martin's counterclaim, with Martin's suit seeking monetary damages against Owens. Thus, Martin's counterclaim was reinstated by the trial court to permit removal of the action to the Court of Claims. Rather than file his petition for removal, Martin filed a motion for summary judgment on Owens' complaint for reimbursement of funds, arguing Owens failed to certify the debt to the OAG in the time required under R.C. 131.02.

{¶ 11} Removal by Martin would have placed the entire action in the Court of Claims under R.C. 2743.03(E). *See, e.g., State ex rel. Wallace v. Tyack,* 13 Ohio St.3d 4, 5 (1984) (finding assertion of a third-party claim would have resulted in removal of the entire action to the Court of Claims). Instead, Martin chose to proceed with his defense in the collection action, and the trial court granted Martin's motion for summary judgment, finding the 45-day period is "strictly required by R.C. 131.02." The trial court did not reference the counterclaim or Civ.R. 54(B) and included no language that "there is no just reason for delay." Based on this record, a counterclaim appears to remain pending, with no disposition noted in the case. Thus, we must determine whether the lack of disposition of the counterclaim, combined with no reference to Civ.R. 54(B) in the record, prevents the trial court's judgment from constituting a final judgment, capable of appellate review.

## 2. Martin implicitly withdrew or alternatively abandoned his counterclaim.

{¶ 12} Appellate jurisdiction is limited to the review of final judgments under Article IV, Section 3(B)(2) of the Ohio Constitution. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." (Citation omitted) *Kent State Univ. v. Manley,* 2022-Ohio-4512, ¶ 9

6.

(8th Dist.). A judgment must satisfy the requirements of 2505.02 and, if applicable, Civ.R. 54(B) to constitute a final, appealable order. *Id.,* citing *Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 88 (1989) (additional citation omitted.).

{¶ 13} The record demonstrates a complaint by Owens for money claimed due and a counterclaim by Martin, alleging breach of his employment agreement and violation of the Ohio Consumer Sales Practices Act. Pursuant to Civ.R. 54(B), a court may enter final judgment as to fewer than all claims "only upon an express determination that there is no just reason for delay." A failure to make such a determination in an order that "adjudicates fewer than all the claims … shall not terminate the action" and results in an interlocutory judgment, not subject to review on appeal. *Manley* at ¶ 12.

{¶ 14} However, exceptions to the requirement of Civ.R. 54(B) language exist. "[I]f the effect of the judgment as to some of the claims is to render moot the remaining claims or parties then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Amer.,* 44 Ohio St.3d 17, 21 (1989). A case is rendered moot "when parties 'lack a legally cognizable interest in the outcome.'" *Cyran v. Cyran,* 2018-Ohio-24, ¶ 9, quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969).

{¶ 15} Here, the counterclaim does not appear to seek indemnification or contribution, as derivative claims that might be rendered moot by dismissal of Owens' complaint. *See Wise v. Gursky*, 66 Ohio St.2d 241 (1981), syllabus (judgment final where it rendered third-party claims for indemnification and contribution moot and Civ.R. 54(B)

7.

inapplicable). Moreover, the trial court had already determined it lacked jurisdiction to adjudicate the counterclaim, which sought only monetary damages, including compensatory, incidental, consequential, and actual economic damage. The trial court *conditionally* reinstated the claim to permit Martin the opportunity to remove the *action* to the Court of Claims under R.C. 2743.03(E)(1), but rather than seek removal, Martin sought summary judgment on Owens' collection action against him.

{¶ 16} The Court of Claims lacked jurisdiction over Owens' initial complaint, as a court of limited jurisdiction. *See Wirick,* 2002-Ohio-3619 at ¶ 11 (10th Dist.), citing R.C. 2743.03(E). However, the Court of Claims has exclusive jurisdiction over suits seeking damages like those included in Martin's counterclaim, as provided by R.C. 2743.03. The trial court, therefore, had no jurisdiction to proceed on Martin's counterclaim. "'[I]n the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss.'" *Smith v. Ohio State Univ.,* 2024-Ohio-764, ¶ 18, quoting *State v. Hudson,* 2022-Ohio-1436, ¶ 22 (additional citation omitted.). In choosing to litigate Owens' collection action, Martin implicitly withdrew his counterclaim. After the trial court dismissed Martin's counterclaim, Martin informed the trial court of the proper procedure, providing for removal of the action and not dismissal of the counterclaim. However, pursuant to the removal provisions under R.C. 2743.03(E)(1), Martin needed to file his petition for removal of the action within 28 days of service of his counterclaim, with notice of removal filed in the trial court. Because the Court of Claims would have exercised exclusive jurisdiction over the entire action upon

8.

Martin's removal, and the trial court was without subject matter jurisdiction to determine the counterclaim, Martin's choice of litigating the collection action in the trial court demonstrated his implicit withdrawal of the counterclaim.

{¶ 17} In the alternative, the trial court implicitly dismissed the counterclaim once more. After the trial court initially dismissed Martin's counterclaim, announcing its lack of jurisdiction, Martin sought reinstatement to permit removal of the entire case to the Court of Claims. The trial court only conditionally reinstated the matter to permit Martin to remove the case to the Court of Claims pursuant to R.C. 2743.03(E)(1). By his actions, Martin clearly opted to litigate Owens' collection action in the trial court, abandoning removal. Pursuant to Civ.R. 12(H)(3), therefore, the trial court's only option was to reinstate the dismissal of Martin's claims. Accordingly, while courts should ensure the record is clear, based on this record we must infer either a dismissal of the counterclaim for lack of jurisdiction or withdrawal of the claim by Martin, or both. Additionally, dismissal of the counterclaim for lack of subject matter jurisdiction can be inferred where the lack of jurisdiction is evident in the record. *See Kent State Univ. v. Manley,* 2022-Ohio-4512, ¶ 34.

{¶ 18} Accordingly, having carefully reviewed the record, the counterclaim no longer remained pending, and we determine the trial court's judgment granting summary judgment in favor of Martin and dismissing Owens' collection action is a final judgment. Therefore, we have jurisdiction to consider the matter on appeal.

9.

## IV. Assignment of Error and Analysis

{¶ 19} Owens appeals the judgment, presenting the following as error for our review:

> The municipal court erred when it granted Martin's motion for summary judgment.

{¶ 20} Owens contends that the trial court erred in granting Martin's motion for summary judgment because Martin was not entitled to judgment as a matter of law under the statute. The trial court granted Martin's motion for summary judgment, determining Owens certified the debt to the Ohio Attorney General on August 20, 2021, more than 45 days after the due date, pursuant to R.C. 131.02(A). The trial court's determination did not include any finding on the due date, also governed by R.C. 131.02(A).

{¶ 21} In support of its argument, Owens asserts that the court improperly interpreted R.C. 131.02(A) as imposing a 45-day mandatory statute of limitations for certifying a conflict to the OAG. Owens argues that R.C. 131.02(A) and R.C. 131.02(F) must be read in pari materia, according to rules of statutory interpretation, and when construed together the provisions do not impose a statute of limitations. Thus, Owens argues the court erred by granting Martin's motion for summary judgment because a statute of limitations should not have been imposed. In the alternative, Owens argues that failure to comply with the statute of limitations should not have prohibited Owens' ability to collect the debt.

{¶ 22} Martin disagrees, arguing R.C. 131.02(A) required Owens to certify the debt to the OAG within 45 days, and its failure to do so barred further attempts to collect

10.

on the debt. Martin argues that the date the debt became due is based on Owens' attempts to collect the debt, without any reference to R.C. 131.02(A) and the provisions under that statute for determining the due date.

{¶ 23} Upon review of the record, we find the trial court erred in granting Martin's motion for summary judgment because the record demonstrates a genuine dispute of material facts. Simply put, the statute does not contain a statute of limitations, extinguishing the debt, and the debt's due date is not clear from the record. Pursuant to R.C. 131.02(A), an amount payable to the state shall be certified to the OAG's office 45 days after the amount is due. The parties dispute whether the language of the provision imposes 45 days as a mandatory statute of limitations to certify the debt, and neither party addresses the statutory definition that determined when the debt was due for purposes of certifying the debt.

{¶ 24} In order to resolve Owens's assignment of error, we interpret the statutory language of R.C. 131.02. We are permitted to apply the rules of statutory interpretation because the issue is not determinable by the plain language of the statute. *See Mack v. City of Toledo*, 2019-Ohio-5427, ¶ 48 (6th Dist.). Issues of statutory interpretation present questions of law, subject to de novo review. *State v. Straley,* 2014-Ohio-2139, ¶ 9. "Our main objective is to determine and give effect to the legislative intent." *Straley* at ¶ 9.

{¶ 25} We construe the legislative intent based on the words employed by the legislature, which in this case demonstrates a 45-day period to certify a debt to the OAG after that debt is due, as defined under the statute. *See Lockhart v. Anick*, 2025-Ohio-

11.

4496, ¶ 59 (6th Dist.) ("The intention of the legislature is to be collected from the words they employ."). In applying the statutory rules of construction, we find no intent to impose a cancellation of the debt for failure to comply with the 45-day certification period. *See Lockhart* at ¶ 61 (6th Dist.) ("[C]ourts are forbidden to add a nonexistent provision to the plain language of legislation."). Instead, by construing R. C. 131.02 as a whole provision, the purpose of R.C. 131.02 is best understood as providing procedural instructions.

{¶ 26} First, we find the dispute over a mandatory statute of limitations and comparison of R.C. 131.02(A) and (F) under the doctrine of pari materia provides no clarity in determining the matter. Owens asserts that the trial court should have construed the provisions together under the doctrine of pari materia. "The in pari materia rule of construction may be used in interpreting statutes where some doubt or ambiguity exists." *Baldwin v. Buckles*, 2020-Ohio-2759, ¶ 21 (6th Dist.). "A statute is ambiguous when its language is subject to more than one reasonable interpretation." *Strong v. City of Toledo*, 2024-Ohio-4613, ¶ 13 (6th Dist.).

{¶ 27} Owens and Martin contest whether R.C. 131.02(A) imposes a statute of limitations because the language of the statute does not identify whether there are, or what the consequences are, of failing to certify a debt within 45 days of determining the debt is due. R.C. 131.02(A) provides the following relevant language:

> In the case of an amount payable by a student enrolled in a state institution of higher education, the amount shall be certified [by the officer, employee, or agent responsible for administering the law under which the amount is payable] within the later of forty-five days after the amount is due or the tenth day after the

12.

> beginning of the next academic semester, quarter, or other session following the session for which the payment is payable.

Pursuant to R.C. 131.02(F), the OAG may determine whether the debt is uncollectible, and with consent of the state agency, may sell the debt or cancel the debt, with cancellation required 40 years after the debt was certified.[1]

{¶ 28} Despite Owens's argument, the language of R.C. 131.02(F) does not provide any greater insight into the legislature's intent about a deadline for certifying a debt to the OAG. Owens refers to R.C. 131.02(F) as the "enforcement" provision of the statute. R.C. 131.02(F) provides: "The attorney general shall cancel or cause to be canceled an unsatisfied claim on the date that is forty years after the date the claim is certified..." This provision creates a deadline of 40 years *after a debt is certified* for when the OAG shall cancel an unsatisfied debt owed to the state. The language does provide that a debt is collectable for 40 years, however, this language refers to a debt that *has been certified.* When a certified, collectible debt must be cancelled is irrelevant to the initial issue of when the debt must be certified. Therefore, the unambiguous language of R.C. 131.02(F) itself does not articulate a statute of limitations for certifying a debt.

{¶ 29} If R.C. 131.02(A) and R.C. 131.02(F)(2) are construed together under the doctrine of pari materia to provide when a debt must be certified to the OAG, we assume that Owens does not suggest that an agent of the state would have an unlimited time period to certify a debt, with the OAG having an additional 40 years past the certification

---

[1] R.C. 131.02(F) includes additional provisions for collection and cancellation of tax debt

13.

date to collect the debt. "It is a cardinal rule of statutory construction that a statute should not be interpreted to yield an absurd result." *In re M.L.*, 2023-Ohio-3541, ¶ 45 (6th Dist.). It would be absurd to extend the language of R.C. 131.02(F) as a deadline for R.C. 131.02(A).

{¶ 30} Therefore, while Owens was correct that pari materia may be used to construe ambiguous statutes, Owens was incorrect in asserting that construing R.C. 131.02(A) together with R.C. 131.02(F) is useful for interpreting whether R.C. 131.02 enforces a mandatory statute of limitations. Instead, the provision under R.C. 131.02(A) that defines a "date due" is integral to the analysis.

{¶ 31} A debt becomes due, for purposes of R.C. 131.02, when the OAG and Owens "agree on the time a payment is due, and that agreed upon time shall be one of the following times:

> (1) If a law, including an administrative rule, of this state prescribes the time a payment is required to be made or reported, when the payment is required by that law to be paid or reported.

> (2) If the payment is for services rendered, when the rendering of the services is completed.

> (3) If the payment is reimbursement for a loss, when the loss is incurred.

> (4) In the case of a fine or penalty for which a law or administrative rule does not prescribe a time for payment, when the fine or penalty is first assessed.

> (5) If the payment arises from a legal finding, judgment, or adjudication order, when the finding, judgment, or order is rendered or issued.

> (6) If the payment arises from an overpayment of money by the state to another person, when the overpayment is discovered.

(7) The date on which the amount for which an individual is personally liable under section 5735.35, section 5739.33, or division (G) of section 5747.07 of the Revised Code is determined.

(8) Upon proof of claim being filed in a bankruptcy case.

(9) Any other appropriate time determined by the attorney general and the officer, employee, or agent responsible for administering the law under which the amount is payable on the basis of statutory requirements or ordinary business processes of the agency, institution, or political subdivision to which the payment is owed.

R.C. 131.02(A)(1)-(9).

{¶ 32} Significant to this case, R.C. 131.02(A)(9) provides for a due date as "[a]ny other appropriate time determined by the attorney general and the [agency] on the basis of statutory requirements or ordinary business processes of the agency…to which the payment is owed." The due date, moreover, is the basis for more than certification of the debt. Pursuant to R.C. 131.02(D), the amount due bears interest "from the day on which the claim became due, at the rate per annum required by section 5703.47 of the Revised Code."

{¶ 33} In arguing that Owens failed to certify the debt within 45 days, Martin assigns his own due date based on Owens' attempts to collect the amount it claimed he owed. This position lacks support, considering the authority granted to the OAG and agency under R.C. 131.02(A) to determine the due date, and would produce absurd results. In sum, if the debt became due upon the first attempt to collect, the agency would be forced to immediately refer the debt to the OAG and interest would begin to accrue before any initial attempts to settle the matter between the agency and the individual

15.

owing the debt. There is nothing within the statutory scheme that demonstrates a legislative intent to immediately accelerate collections for all state claims for money against individuals.

{¶ 34} Based on the statute, the date due for amounts owed to the state determines the time for certification and the time for accrual of interest. In this case, the trial court made no finding regarding the date due under the statute, as part of its grant of summary judgment for Martin. Without evidence of the date due according to the statute, the trial court could not find, as a matter of law, that Owens certified the debt beyond the 45-day time provided by R.C. 131.02(A).

{¶ 35} In the alternative, R.C. 131.02(A) does not clearly demonstrate the 45-day time is mandatory, with the failure to act within that time frame resulting in the extinguishment of the collection claim. Martin and Owens's dispute over whether R.C. 131.02(A) imposes a 45-day statute of limitations is a dispute over whether R.C. 131.02(A) is directory or mandatory. Mandatory and directory statutes have different effects. "A statute is mandatory where noncompliance with its provisions will render illegal and void the steps or acts to which it relates or for which it provides, and is directory where noncompliance will not invalidate such steps or acts." *Clovernook Health Care Pavilion v. Dept. of Medicaid*, 2021-Ohio-337, ¶ 11 (10th Dist.) (internal citations omitted). Whether R.C. 131.02 is mandatory or directory is important because the answer resolves whether the debt must be cancelled if Owens failed to certify the debt within 45 days of the due date.

16.

**{¶ 36}** We agree with Martin that Owens was required under R.C. 131.02(A) to certify the debt to the OAG within 45 days of when it was due, because of the word "shall". *See State ex rel. Sommers v. Perkins Local Schools Bd. of Education*, 2017-Ohio-7991, ¶ 42 (6th Dist.). However, it is incorrect that, because the statute requires certification, failure to do so results in a forfeiture of the debt. "A statutory time provision may be directory, even with 'shall' as the operative word." *AmCare, Inc. v. Ohio Dept. of Job & Family Serv.*, 2005-Ohio-2714, ¶ 18 (10th Dist.). In other words, a statute may be "mandatory" in the sense that it provides directions to be followed, while not being mandatory in the sense of enforcing consequences for failing to follow the directions.

**{¶ 37}** "The determination of whether the legislature intended a statutory provision to be mandatory or directory requires review of the specific language employed viewed in context of 'the entire act, its nature, its effect and the consequences which would result from construing it one way or another.'" *Clovernook Health Care Pavilion v. Dept. of Medicaid*, 2021-Ohio-337, ¶ 11 (10th Dist.). Therefore R.C. 131.02 must be viewed in its entirety to determine the purpose of the statute.

**{¶ 38}** The Tenth District Court reviewed whether R.C. 5111.27(B) was mandatory or directory in *AmCare, Inc. v. Ohio Dept. of Job & Family Servs.*, 2005-Ohio-2714 (10th Dist.). The court found that the statute was directory based on the following language:

> *The department shall issue the audit report no later than three years after the cost report is filed*, or upon the completion of a desk or field audit on the report or a report for a subsequent cost reporting period, whichever is earlier.

*AmCare* at ¶ 13. In determining that the language was directory, and not mandatory, the Tenth District noted that a time provision "may be directory, even with 'shall' as the operative word" where there is a "lack of expression of intention to arrest the power" to seek repayment due to untimely action on the part of the agency. *AmCare* at ¶ 18; 21, citing *State ex rel. Jones v. Farrar,* 146 Ohio St. 467 (1946), paragraphs one, two, and three of the syllabus. In construing a statute to determine whether it is mandatory or directory, courts must consider "the entire act, its nature, its object, and the consequences which would result from construing it one way or the other." *AmCare* at ¶ 19, quoting *State ex rel. Smith v. Barnell,* 109 Ohio St.246, 255 (1924).

{¶ 39} In contrast, the Tenth District Court reviewed whether R.C. 5164.57(A)(1) was directory or mandatory in *Clovernook Health Care Pavilion v. Dept. of Medicaid*, 2021-Ohio-337, ¶ 11 (10th Dist.). The court found that the statute was mandatory based on the following language.

> Except as provided in division (A)(2) of this section, the department of Medicaid may recover a Medicaid payment or portion of a payment made to a Medicaid provider to which the provider is not entitled if the department notifies the provider of the overpayment during the five-year period immediately following the end of the state fiscal year in which the overpayment was made.

*Clovernook* at ¶ 13. The court found the use of the conditional word "if", specifically made the statute mandatory, because the statute involved a notice requirement as a precursor to the exercise of authority in recovering Medicaid overpayments under R.C.

18.

5164.57. The language requiring notice of overpayment was tethered to the agency's authority to recover overpayments. *Clovernook* at ¶ 21.

{¶ 40} R.C. 131.02(A) describes the process to be followed when a debt is owed to the state. It states,

> In the case of an amount payable by a student enrolled in a state institution of higher education, the amount shall be certified [by the officer, employee, or agent responsible for administering the law under which the amount is payable] within the later of forty-five days after the amount is due or the tenth day after the beginning of the next academic semester, quarter, or other session following the session for which the payment is payable.

The language is comparable to R.C. 5111.27(B), where an officer is directed to do something, unlike R.C. 5164.57(A)(1) where the language is conditional, linking a requirement such as notice to the authority to collect. "A statute which provides a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." *In re K.M.,* 2020-Ohio-995. Additionally, R.C. 131.02(A)(1)-(9) describes different rules for when a due date may be set for a debt.

{¶ 41} In considering R.C. 131.02 in its entirety, the statute is directory because R.C. 131.02 describes procedural directions and guidelines. "Where the instructions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, the provisions may generally be regarded as directory." *AmCare* at ¶ 19.

{¶ 42} Therefore, based upon our review of R.C. 131.02, we find a genuine issue of material fact remains regarding the date due as defined by R.C. 131.02(A). We further find that the 45-day period within R.C. 131.02(A) is directory and does not create a

19.

statute of limitations that would extinguish the claimed debt. Accordingly, we find Owens' assignment of error well-taken, and we reverse and vacate the judgment and remand the matter for further proceedings, consistent with our decision.

## V. Conclusion

{¶ 43} The judgment of the Perrysburg Municipal Court is reversed and vacated, and the matter is remanded for further proceedings. Martin is ordered to pay the costs of the appeal pursuant to App.R. 24.

Judgment reversed, vacated,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                            _____
                                                   JUDGE

Gene A. Zmuda, J.                              

                                                       _____
Myron C. Duhart, J.                                                JUDGE
CONCUR.

                                                         _____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.